■ In the Matter of VGR ASSOCIATES, LLC, et al., Respondents, v ASSESSOR, BOARD OF ASSESSMENT REVIEW OF TOWN OF NEW WINDSOR et al., Appellants. [857 NYS2d 666]—

In related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 2002 and 2003, the Assessor, Board of Assessment Review of the Town of New Windsor, and the Town of New Windsor appeal from an order of the Supreme Court, Orange County (Dickerson, J.), entered October 27, 2006, which, after a nonjury trial, in effect, granted the petitions to the extent of determining that the fair market value of the subject property was $9,129,087 for tax year 2002 and $9,688,368 for tax year 2003 and directed that the assessment rolls be corrected and any tax overpayments be refunded.

Ordered that the order is affirmed, with costs.

These proceedings were commenced to challenge real property tax assessments for the tax years 2002 and 2003 for shopping center property owned by VGR Associates, LLC, at which a supermarket operated by Price Chopper Operating Co., Inc., is the anchor tenant. The parties agreed that use of the income approach to valuation was appropriate. Using this approach, the appraiser estimates the fair market rental of the property, makes deductions for vacancy and loss of rentals to arrive at effective gross income, then deducts expenses to arrive at net income, which is then capitalized (*see Matter of Senpike Mall Co. v Assessor of Town of New Hartford*, 136 AD2d 19, 22 [1988]). Economic or market rent takes into consideration all the fair and reasonable payments, judged by rents in the market place, that a tenant makes for use of the premises (*id.* at 23).

Contrary to the appellants' contentions, the court properly followed the petitioners' analysis for the treatment of real estate taxes using the assessor's formula (*see Matter of PCK Dev. Co., LLC v Assessor of Town of Ulster*, 20 AD3d 660, 662 [2005]; *Matter of Senpike Mall Co. v Assessor of Town of New Hartford*, 136 AD2d 19 [1988]).

The appellants further contend that the court erred in rejecting their appraiser's inclusion of tenant improvements in the calculation of economic rent (*see Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill*, 280 AD2d 745, 748 [2001]). However, "[t]he income approach to valuation is based on the premise that income-producing property derives its value from

the net income it is able to produce" (*Matter of Senpike Mall Co. v Assessor of Town of New Hartford,* 136 AD2d at 22). Improvements made by the tenant are outside the rental payments to the landlord and therefore do not contribute to the income the property is able to produce. Furthermore, as there was no evidence of the amount actually spent, the inclusion of those expenses would have been speculative. The appellants' appraiser lacked the expertise to opine as to the validity of tenant costs (*see Matter of Northville Indus. Corp. v Board of Assessors of Town of Riverhead,* 143 AD2d 135, 137 [1988]). Therefore, the court properly declined to include the cost of tenant improvements in the calculation of economic rent.

Contrary to the appellants' contention, the court's determination of an 8% vacancy rate, and the inclusion of reserves for replacement and leasing commissions in the calculation of expenses, was well within the range of the trial testimony (*see Matter of John P. Burke Apts. v Swan,* 137 AD2d 321, 326 [1988]). Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur. [*See* 13 Misc 3d 1218(A), 2006 NY Slip Op 51895(U).]